PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

FILED
APR 13 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE  WESTERN  DISTRICT OF TEXAS

SAN ANTONIO  DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

JOHN ANTHONY DAVILA
PETITIONER
(Full name of Petitioner)

H.H. COFFIELD UNIT
CURRENT PLACE OF CONFINEMENT

vs.

TDCJ NO. 02250311
PRISONER ID NUMBER

SA23CA0476FB
CASE NUMBER
(Supplied by the District Court Clerk)

BOBBY LUMPKIN, TDCJ-CID, Director
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 207TH JUDICIAL DISTRICT COURT, COMAL COUNTY, TEXAS (PETITIONER IS ATTACKING HIS 55YEARS CONCUURENT Sentences under Cause No. CR-2016-123 and CR2016-471.

2. Date of judgment of conviction: July 23, 2018

3. Length of sentence: 55 years (Concurrent sentences)(55Years on each count).

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: CR2016-123 and CR2016-471

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)   ☐ Not Guilty   ☒ Guilty   ☐ Nolo Contendere

6.   Kind of trial: (Check one)   ☐ Jury   ☒ Judge Only

7.   Did you testify at trial?   ☐ Yes   ☒ No

8.   Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9.   If you did appeal, in what appellate court did you file your direct appeal? __Third Court of Appeals__   Cause Number (if known): __03-18-00667-CR / 03-18-00773-CR__

   What was the result of your direct appeal (affirmed, modified or reversed)? __Affirmed__

   What was the date of that decision? __August 31, 2022__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __The analysis used by the Court of Appeals conflicts with the Interstate Agreement on Detainers becsause it allows the State to simply ignore a request because there is no detainer placed.__

   Result: __Refused__

   Date of result: __August 25, 2021__   Cause Number (if known): __PD-0199-21 / PD-0200-21__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __N/A__

   Date of result: __N/A__

10.  Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11.  If your answer to 10 is "Yes," give the following information:

   Name of court: __Court of Criminal Appeals Austin, Texas__

   Nature of proceeding: __Writ of Habeas Corpus 11.07(s)__

   Cause number (if known): __WR-94,487-01, WR-94,487-02, WR-94,487-03, WR-94,487-04, WR-94,487-05 (2 additional 11.07 Applications filed as AMEMDED/SUPPLEMENT W/O NUMBERS).__

-3-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: 1st Five applications, November 07, 2022
Last TWO AMENDED applications filed February 13, 2023

Grounds raised: See Attachment

Date of final decision: March 22, 2023

What was the decision? Denied without a written order

Name of court that issued the final decision: Court of Criminal Appeals of Texas

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: SAME AS ABOVE

Nature of proceeding: _____

Cause number (if known): SAME AS ABOVE

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: See Attacment

Date of final decision: SAME as ABOVE

What was the decision? _____

Name of court that issued the final decision: SAME AS ABOVE

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: N/A

   (b) Give the date and length of the sentence to be served in the future: N/A

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☒ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____N/A_____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____N/A_____

    Disciplinary case number: ___N/A___

    What was the nature of the disciplinary charge against you? ___N/A___

18. Date you were found guilty of the disciplinary violation: _____N/A_____

    Did you lose previously earned good-time days? ☐ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____N/A_____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____N/A_____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____N/A_____

–5–

Date of Result: _____ N/A _____

Step 2  Result: _____ N/A _____

Date of Result: _____ N/A _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

    A.  **GROUND ONE:** See Attachment

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    B.  **GROUND TWO:** See Attachment

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

C. **GROUND THREE:** See Attachment

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

D. **GROUND FOUR:** See Attachment

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: Petitioner seeks relief in the form of a New Trial, due to misadvisement of Counsel, and Illegal Sentence Enhanchments. including, but not limited to any and all relief entitled by law. Request, for a New trial due to Ineffective Assistance of Trial counsels Failure to investigate Enhancement paragraphs of Burglary of Building a State Jail Felony, rendering the sentences imposed illegal. Violation of Petitioner's 14th Amendment to the U.S.Const.of Due Process and Equal Protection of the law.

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
    If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    _____

    _____

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☐ Yes   ☒ No

    If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    _____

    _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: _____

    (b) At arraignment and plea: W.David Friesenhahn.Esq._____

    (c) At trial: W.David Friesenhahn.Esq._____

    (d) At sentencing: W.David Friesenhahn.Esq._____

    (e) On appeal: Dayna Jones, Esq._____

    (f) In any post-conviction proceeding: N/A_____

-8-

(g)   On appeal from any ruling against you in a post-conviction proceeding: _____

_____N/A_____

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Petitioner contends that this Petition is timely filed, including the allotted time for filing a Writ of Certiorari (90 days), tolling period. As the 1 year period does not begin until the 90 day period after PDR has expired.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__April 03, 2023_____ (month, day, year).

Executed (signed) on __April 03, 2023_____ (date).

X _John A. Danila_____
Signature of Petitioner (required)

Petitioner's current address: __H.H. COFFIELD UNIT 2661 FM 2054, Tennessee Colony, Texas_____

__75884_____

-10-

## ATTACHMENTS

### Question #11

Petitioner filed Five(5) original applications of his State Writ of Habeas Corpus 11.07(s) CR2016-123-001, CR2016-123-002; CR2016-471-001, CR2016-471-002, CR2016-471-003. (Court of Criminal Appeals Nos. WR-94,487-01 through WR-94,487-05.

Petitioner raised the following issues in a Single Memorandum in Support:

A. Trial Counsel was ineffective for Ill-advising Davila to plead guilty to offense of Tampering with Evidence Offenses (CR2016-123 and CR2016-471).
B. Davila was forced to surrender his right to speedy trial under the IADA, Tex. Code Crim. Proc.Ann.§51.14, Article IV(c), in order to enjoy his Constitutional right to counsel.
C. Trial Counsel failed to investigate Felony Possession of a Firearm offense before Ill-advising him to plead guilty.
D. Davila'a Plea of guilty was based soley on false information that the State would not pursue the Deadly Weapon Firearm offense and that He would recieve Time Credit from his Federal conviction.
E. Trial Counsel was ineffective for failing to Motion to Supress Evidence.
F. Trial Counsel failed to object to and challenge the "Use or Exhibit of a Deadly Weapon" allegation in the charging instrument.

### AMENDED/SUPPLEMENT 11.07(s)

1). Applicant claims that his sentence is illegal, and in violation of the Fourteenth Amendment of the U.S.Constitution for (Burglary of a Building), and Chronological Order.
2). Applicant was denied the effective assistance of trial counsel pursuant to the Sixth and Fourteenth Amendments of the U.S.Constitution for failure to conduct an independent investigation into Applicant's Enhanchment(s).
3). Applicant claims that the Trial Court Abused its discretion in violation of the Sixth and Fourteenth Amendments of the U.S.Constitution.

Petitioner's AMENDED/SUPPLEMENT 11.07 application(s) were not assigned any Cause Nos.or Writ Numbers. And Only a copy of Petitioner's AMENDED application under CR2016-123, was presented to the Court of Criminal Appeals for consideration as a supplement. There were five copies submitted, and not the two original application(s) as AMENDED.

1

**ATTACHMENTS**

<u>QUESTION # 20</u>

The foregoing are Petitioner's Grounds for this application of 28 U.S.C.§2254.

1). Petitioner claims that his sentence is illegal, and in violation of the
    Fourteenth Amendment of the U.S.Constitution(Due Process-Illegal Enhanchment
    of State Jail Felony, and Out of Chronological Order)

<u>Supporting Facts:</u>

    Petitioner claims that the enhancement paragraph in and under both Cause Nos. CR2016-123 and CR2016-471 in Paragraph IV was fir a conviction of **Burglary of a BUilding**.Tex. Penal Code Ann.§ 30.02, which is a State Jail Felony 12.35(a).. Petitioner was originally convicted of the offense of Burglary of a Building in June 9th,1992, and apparently at the same time a conviction for Robbery was also imposed. The Robbery conviction was a second degree felony, but erroneously Petitioner was given a TEN(10) year sentence for this State Jail felony. The Burglary of a Building conviction was under Cause No. CR91-356, the RObbery conviction was had on the same dateunder CR91-381.Petitioner was given a Ten year probative sentence which was subsequently revoked, and imprisionment imposed, in either instance whether probation or imprisionment Petitioner's Sentence exceeded the Maximum Statutory limit for a State Jail Felony which was TWO(2) years maximum.In the instant case, Petitioner has discovered through due diligence that the sentence under Cause No CR91-356 was illegally imposed and therefore is illegal to use in the instant case as it is a State Jail Felony and cannot be used to enhance another felony except another State Jail felony . Therefore the current sentence is illegal.

    Additionally, the Chronological sequence order of the enhanchment paragraphs do not state as to which conviction proceeds the First, and which one is next. Particularlly, because the State Jail Felony must be removed from the Equation. Petitioner contends that had actually fimilarized himself with the law and the offenses contained therein, Petitioner would have chosen to go to trial but for Counsel's misapplication of the law Petitioner plead guilty, thus becoming an involuntary decision.

2). Petitioner was denied the effctive assistance of trial counsel pursuant
    to the Sixth and Fourteenth Amendment to the U.S.Constitution, for failure
    to conduct an independent investigation into Petitioner's Enhanchments.

<u>Supporting Facts</u>:

    Petitioner claims that Trial Counsel rendered ineffective assistance of counsel for failure to conduct an independent investigation into Petitioner's

2

prior felony convictions. As Petitioner's First conviction was under Cause No. CR91-356, which was a State Jail Felony for Burglary of a Building. The Probation period imposed upon Petitioner at the time was illegal as the time period imposed exceeded the maximum statutory sentence which was TWO(2) years. Petitioner was given Ten(10) years. The illegal enhanchments were used to enhanch Petitioner to that of a Habitual Offender subjecting Petitioner to an automatic sentence requirment of 25 years, and a maximum of LIFE. Petitioner contends that because the State jail Felony cannot be used for enhancement purposes in the instant case, as it violates Petitioners Constitutional rights of Due Process and Equal Protection of the Law. Petitioner contends that the consideration of time imposed is a difference of Ten years. One as a Repeat Offender starting at 15 years verses a Habitual Offender starting at 25 years. The State Jail felony was used in and under both indictments that were both tried in the same criminal action. Imposing a more harsher punishment than the law allows. Petitioner further contends that trial counsels failure to conduct an independant investigation of the facts and the law in the instant case, deprived Petitioner of due process as the enhancement paragraphs were not in a chronological sequence, in order to show which conviction happened first and which conviction subsequently followed. Therefore, Petitioner contends that the Enhanchment paragraphs should be stricken entirely, for failure to comply, As such Petitioner further asserts that he would have chosen to go to trial if not for the mis advisment of Trial Counsel, due to his inability to not have a firm command of the law in the instant case.

 Petitioner contends that he was infact prejudiced by Trial Counsel deficient performance that raises to that of a Constitutional Magnitude. As the outcome of the proceedings would have diffenatly been different.

3). Petitioner claims that the Trial Court Abused its discretion in violation of the Sixth and Fourteenth Amendments to the U.S.Constitution.

**Supporting Facts:**

 Petitioner contends that the trial Court abused it's discretion, when the court initially the trial court requested from Petitioner a **waiver** of the IADA time period, per the State's recommendation. Throughout these entire proceedings the State has stated that the IADA was not invoked. But if this was the case what would be the reason for the waiver of IADA time period.. The purpose of the waiver was to give trial counsel ample time, but Petitioner asserts that Trial Counsel filed for a continuance, and the State and Trial Court, only sought to pursuade Petitioner into waiving the time period, as to afford the State plenty of time to gain sufficient evidence to prosecute..

3

Petitioner contends that at the time that Petitioner was asked by the Court to waive his IADA time period, Petitioner already had appointed counsel for representation and therefore was denied the effective assistance of counsel during a critical statge of the proceedings as the law allows.
Petitioner further asserts that the Trial Court had a duty to the Petitioner and the Proceedings before his court to order the State to ensure that all the enhanchments were in order before rendering the paragraphs true. Petitioner contends that he was given illgal sentences back in June of 1991, and therefore relied on the judicial system to treat him fair and impartial. as he is protected under the Fourteenth Amendment.The enhanchment paragraphs violate the State Penal Code  Tex. Penal Code Ann. §12.42(d) and §12.35(a), by Petitioner pleading True to the enhancement paragraphs, through advisement of Counsel, deprived Petitioner of Due Process, as Petitioner contends that the Trial Court is ultimately rendering the Judgment.Such judgment must be ensured to be correct, and not left at the hands of a non compliant State official.

---------------------------------------------------------------------