**FILED**

May 20, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  JH

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOHN ANTHONY DAVILA,**<br>**TDCJ No. 02250311,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § § | **CIVIL NO. SA-23-CA-0476-FB** |
| **ERIC GUERRERO, Director,**<br>**Texas Department of Criminal Justice,**<br>**Correctional Institutions Division,** | § § § § | |
| **Respondent.** | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is petitioner John Anthony Davila's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.[1]  Petitioner challenges the constitutionality of his 2018 state court convictions for possession of a controlled substance with intent to deliver, tampering with physical evidence, and unlawful possession of a firearm, arguing, among other things, that the convictions were the result of trial court error and ineffective trial counsel.  Also before the Court are petitioner's original § 2254 petition, petitioner's supplemental memorandums in support, respondent Eric Guerrero's Amended Answer, and petitioner's Reply thereto.[2]

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).  Petitioner is also denied a certificate of appealability.

---

[1]    ECF No. 24.

[2]    ECF Nos. 1, 3, 23, 26, and 27.

## I. <u>Background</u>

In July 2018, petitioner pled guilty in Comal County to three counts of possessing a controlled substance with intent to deliver, two counts of tampering with physical evidence, and one count of unlawfully possessing a firearm.[3]   Pursuant to the plea bargain agreements, petitioner entered an open plea of guilty and judicially confessed to committing each of the charged offenses, waived his right to a jury trial, and pled true to the enhancement paragraphs alleged in the indictments.[4]   After a separate punishment hearing, the trial court sentenced petitioner as a habitual offender to fifty-five years of imprisonment on each count, with the sentences to run concurrently.  *State v. Davila*, Nos. CR2016-123 and CR2016-471 (207th Dist. Ct., Comal Cnty., Tex. Sept. 10, 2018).[5]

The Texas Third Court of Appeals affirmed petitioner's convictions in a published opinion on direct appeal.  *Davila v. State*, 623 S.W.3d 1 (Tex. App.—Austin, Aug. 31, 2020).[6] The Texas Court of Criminal Appeals then refused his petitions for discretionary review and request for rehearing.  *Davila v. State*, Nos. PD-0199-21 and PD-0200-21 (Tex. Crim. App. Aug. 25, 2021, *reh'g denied* Sept. 13, 2021).[7]   Following his direct appeal proceedings, petitioner challenged the constitutionality of his convictions by filing five applications for state

---

[3]     ECF Nos. 11-17 at 23-29; 12-28 at 15-21.

[4]     *Id*.

[5]     ECF Nos. 10-26 at 72 (trial transcript); 11-17 at 16-20 (Judgments in Cause No. CR2016-123); 12-28 at 2-12 (Judgments in Cause No. CR2016-471).

[6]     ECF No. 11-8.

[7]     ECF Nos. 11-8; 11-13; *see also* http://www.research.txcourts.gov, search for "Davila, John" last visited May 5, 2026.

habeas corpus relief. *Ex parte Davila*, Nos. 94,487-01 through -05 (Tex. Crim. App.).[8]   The Texas Court of Criminal Appeals eventually denied the applications without written order on March 22, 2023.[9]

Two weeks later, petitioner initiated the instant proceedings by filing a petition for federal habeas corpus relief along with a supplemental memorandum in support.[10]   Petitioner later requested, and was granted, a stay of these proceedings so that he could return to state court to raise additional claims that were not presented in his initial habeas corpus applications.[11] Petitioner returned to state court and filed two more state habeas applications challenging his convictions. *Ex parte Davila*, Nos. 94,487-06, -07 (Tex. Crim. App.).[12]   The Texas Court of Criminal Appeals ultimately dismissed these subsequent applications pursuant to Tex. Code Crim. Proc. Art. 11.07, Sec. 4.[13]

Thereafter, these proceedings were reopened, and petitioner filed an amended federal petition along with a supplemental memorandum in support.[14]   Respondent's amended answer and petitioner's reply followed.[15]

---

[8]     ECF Nos. 11-16 at 5-24; 12-3 at 6-24; 12-25 at 6-30, 13-5 at 6-24; and 13-19 at 6-24.

[9]     ECF Nos. 11-26; 12-5; 12-24; 13-4; and 13-18.

[10]    ECF Nos. 1, 3.

[11]    ECF Nos. 17, 18.

[12]    ECF Nos. 25-1 at 23-41; 25-4 at 23-41.

[13]    ECF Nos. 25-3; 25-5.

[14]    ECF Nos. 22, 23, and 24.

[15]    ECF Nos. 26, 27.

## II.  Petitioner's Allegations

In his original petition and supplemental memorandum, petitioner set forth the following claims for relief:

1.    His sentences are all illegal, thus he pleas involuntary, because:

   (a)    they were improperly enhanced with a state jail felony, and

   (b)    the enhancement paragraphs listed in the indictments were not listed in chronological order;

2.    His trial counsel rendered ineffective assistance by failing to conduct an independent investigation into his prior felony convictions; and

3.    The trial court abused its discretion by:

   (a)    requesting that petitioner waive the time limit for prosecution under the Interstate Agreement on Detainers Act (IADA) without the advice of counsel, and

   (b)    failing to ensure that the enhancement paragraphs were listed in chronological order.

Following his return from state court for exhaustion purposes, petitioner raised the following claims in his amended petition and supplemental memorandum:

4.    His right to a fair and impartial trial was violated by the trial court's failure to adhere to the IADA; and

5.    His trial counsel failed to investigate the effects of the IADA waiver.

## III.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA.  28 U.S.C.A. § 2254.  Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as

4

determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## IV. Analysis

### A. Petitioner's Original Petition (Claims 1-3)

Pursuant to petitioner's open plea agreements, petitioner judicially confessed to committing each of the underlying offenses, pled true to the enhancement paragraphs alleged in the indictments and acknowledged that he would be punished for each offense as a habitual offender, and waived his right to a jury trial.[16]  Nevertheless, petitioner now challenges the constitutionality of his convictions by arguing that the pleas were involuntary.  Specifically, he contends:  his sentences are all illegal because they were improperly enhanced (Claim 1), his trial counsel failed to properly investigate his prior felony convictions used for enhancement (Claim 2), and the trial court abused its discretion by requesting that petitioner waive the time limit for prosecution under IADA without counsel being present and by failing to ensure that the enhancement paragraphs were listed in chronological order in the indictments (Claim 3).

All of the above allegations appear to have been rejected by the state court during petitioner's state habeas proceedings.  As discussed below, these adjudications were neither contrary to, nor an unreasonable application of, Supreme Court precedent.  *Richter*, 562 U.S. at 101.  Indeed, the record indicates that, despite his contention to the contrary, petitioner voluntarily plead guilty to the convictions he is now challenging under § 2254.  Because his guilty pleas were voluntary, petitioner waived the right to challenge all non-jurisdictional defects in his proceedings.[17]

---

[16]     ECF Nos. 11-17 at 23-29; 12-28 at 15-21.

[17]     Even if petitioner's claims have not been adjudicated on the merits in state court and the deferential scheme laid out in § 2254(d) did not apply, habeas relief would be unwarranted under a *de novo* standard of review for the same reasons.

6

1.    Petitioner's Pleas Were Voluntary

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him."  *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted).  And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion.  *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates petitioner's pleas were a voluntary and intelligent choice and not the result of any misrepresentation.  To start, the voluntariness of petitioner's pleas is demonstrated by his signature on the documents entitled "Admonishments, Voluntary Statements, Waivers, Stipulations and Judicial Confession" and accompanying "Plea Bargain Agreement."[18]  These documents indicate that petitioner was judicially confessing to three counts of possessing a controlled substance with intent to deliver, two counts of tampering with physical evidence, and one count of unlawfully possessing a firearm.  They also indicate that petitioner agreed to an affirmative finding to the enhancement paragraphs alleged in the indictments and would be sentenced as a habitual offender, meaning the punishment range for

---

[18]    ECF Nos. 11-17 at 23-29; 12-28 at 15-21.

each conviction was between twenty-five years to ninety-nine years of imprisonment. Petitioner also waived his right to appeal his conviction (but not his sentence) as part of the plea agreements.

In addition, petitioner made the following concessions in his plea agreements:

> I have read this entire document and discussed it fully with my attorney. I understand this document completely and I am aware of the consequences of my plea. My attorney has discussed with me the law and facts applicable to this case, and I am satisfied that I have been effectively represented. Furthermore, I am mentally competent; I understand the admonishments in Paragraph I.; I am freely, voluntarily, knowingly, and intelligently entering my plea of "guilty". I waive my rights as specified in Paragraph III. I stipulate to the evidence and I judicially confess as stated in Paragraph IV.[19]

Petitioner's trial counsel also signed the agreements, stating that he discussed with petitioner the rights he was waiving and indicating his belief that petitioner was mentally competent, understood the consequences of his plea, and was "freely, voluntarily, knowingly and intelligently" waiving his rights.[20]  The trial judge then gave his approval of the waivers, concluding:

> The Court hereby finds that (1) the Defendant was sane when the alleged offense was committed, is mentally competent, is represented by competent counsel, understands the nature of the charges against him/her and the consequences of a plea of guilty or nolo contendere, including the minimum and maximum punishment provided by law; (2) the attorney for the Defendant and the State consent and approve the waiver of trial by jury and agree to stipulate the evidence in this case; and (3) the Defendant's plea of guilty, statements, waivers, stipulations, and judicial confession were freely, voluntarily, knowingly and intelligently made.[21]

---

[19]    ECF Nos. 11-17 at 28; 12-28 at 20.

[20]    *Id*.

[21]    ECF Nos. 11-17 at 29; 12-28 at 21.

8

Finally, the voluntariness of petitioner's pleas is demonstrated by his appearance before the trial court.[22] The trial court again went over the Plea Bargain Agreements with petitioner, including the applicable punishment range of each offense, and petitioner indicated that he fully understood both. Petitioner also indicated that he understood his rights to a trial by jury and to confront witnesses against him and that he was willing to waive both. Petitioner then pled guilty to each of the six counts named in the two indictments and also pled true to enhancement paragraphs.

Petitioner's formal declarations in open court carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Petitioner's signature on the guilty plea documents is also *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Because petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by petitioner—in particular, Claims 1-3—concerning the validity of his guilty plea. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

2.    Claims Waived by the Guilty Pleas

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United*

---

[22]    ECF No. 10-25.

9

*States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as petitioner's claims of trial court error (Claim 3) and the purported defect in his indictments (Claim 1). *See Barrientos v. U.S.*, 668 F.2d 838, 842 (1982) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant."); *United States v. Cothran*, 302 F.3d 279, 283 (5th Cir. 2002) (waiving claim regarding defects in the indictment.). The rule also includes ineffective-assistance-of-trial-counsel (IATC) claims unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (same). As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *Glinsey*, 209 F.3d at 392.

Here, petitioner claims that his convictions were unconstitutional because they were the result of improper enhancements contained in the indictments (Claim 1) and the trial court's abuse of discretion in (1) asking petitioner to waive the IADA time limitation without counsel being present, and (2) failing to ensure the enhancement paragraphs were listed in chronological order in the indictment (Claim 3). He also faults his trial counsel for failing to conduct an independent investigation into the previous convictions used in the enhancement paragraphs (Claim 2). But petitioner does not provide any relevant argument demonstrating that such claims are jurisdictional, much less establish that the alleged violations somehow relate to the voluntariness of his guilty pleas. Accordingly, petitioner's allegations are waived by his knowing, voluntary, and intelligent guilty pleas.

10

3.      The Remaining IATC Claim

Petitioner does make one allegation concerning his trial counsel's performance that, if successful, may implicate the voluntariness of his guilty pleas.  Specifically, petitioner contends that his trial counsel rendered ineffective assistance by failing to conduct an adequate investigation prior to his pleading guilty.[23]  According to petitioner, counsel neglected to investigate the prior felony convictions alleged in the enhancement paragraphs of the indictments.  As discussed below, assuming this claim was not waived by the guilty pleas, federal habeas relief is still unwarranted.

(a)      The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel are reviewed under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates both that (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense.  466 U.S. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

To establish counsel's performance was deficient, a petitioner must first show his counsel's performance fell below "an objective standard of reasonableness."  *Id*. at 688-89. When determining whether counsel performed deficiently, courts must be highly deferential to

---

[23]      As previously noted, a valid guilty plea waives all non-jurisdictional defects—including an IATC claim— unless the IATC claim goes to the voluntariness of the plea.  *Smith*, 711 F.2d at 682.  But the Fifth Circuit has sometimes treated allegations of counsel's failure to investigate as a challenge to the validity of a guilty plea. *See, e.g., United States v. Shepherd*, 880 F.3d 734, 741-46 (5th Cir. 2018) (finding counsel's failure to investigate exculpatory evidence affected voluntariness of plea).  Thus, the Court considers petitioner's IATC claim to the extent it may implicate the voluntariness of his plea.  *Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

11

counsel's conduct, and counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty "but for counsel's error" and, instead, "would have insisted upon going to trial." *Young v. Spinner*, 873 F.3d 282, 285 (5th Cir. 2017) (citing *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994)). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Armstead*, 37 F.3d at 206.

(b)    Analysis

Petitioner faults counsel for failing to investigate the prior felony convictions used in the enhancement paragraphs of the indictments. Specifically, petitioner contends that his prior 1992 conviction for burglary of a building was actually a state-jail felony which cannot be used to enhance the instant offenses.[24] Had counsel discovered this fact, petitioner argues, he would not have pled guilty and would have proceeded to trial. Petitioner's allegation is unpersuasive.

---

[24]    This prior conviction was used to enhance both counts under cause number CR2016-123 and counts 1 through 3 under cause number CR2016-471. *See* ECF Nos. 11-17 at 14-15, 12-27 at 61.

12

To start, petitioner fails to demonstrate that the prior burglary conviction was actually a state-jail felony. In fact, available records indicate the opposite—that petitioner pled guilty in 1992 to a *second-degree felony* of burglary of a building in exchange for a ten-year probated sentence.[25] Petitioner provides no evidence or argument establishing that this conviction was erroneous, much less that it could not be used to enhance the instant offenses. And petitioner's conclusory and unsupported allegations of counsel's misrepresentations are not enough to establish deficient performance under *Strickland*. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel." (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000))) Therefore, petitioner fails to establish that his guilty plea was involuntary due to any alleged deficiencies in counsel's performance.

Regardless, even assuming counsel was deficient, petitioner still cannot show he would not have accepted the current plea agreements and would have instead insisted on going to trial but for counsel's alleged errors. *Armstead*, 37 F.3d at 206. Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*.

The record in this case is silent as to whether petitioner would actually have made the decision to plead not guilty and go to trial had counsel discovered that an allegedly erroneous conviction was being used to enhance the punishment range of the instant offenses. But as discussed previously, the record does indicate that petitioner was fully aware of the charges against him, voluntarily pled true to the enhancement paragraphs alleged in the indictments, and acknowledged the punishment range he would be facing. *See* Section IV(a)(1), *supra*. The

---

[25]   ECF No. 11-17 at 154-58, 170-73.

13

record also indicates that petitioner's sentences were enhanced by several other felony convictions aside from the allegedly erroneous 1992 burglary conviction.[26] Thus, based on the record before the Court, it appears unlikely petitioner would have chosen to go to trial.

In summary, in light of the record evidence supporting the voluntariness of petitioner's guilty pleas, in addition to the fact petitioner failed to prove counsel's performance was deficient or his plea was involuntary due to ineffective assistance of counsel, this Court must find petitioner entered into his plea voluntarily, knowingly, and intelligently. Moreover, petitioner completely failed to prove that, but for his attorney's actions, he would have chosen to proceed to trial. Petitioner has therefore failed to establish a valid IATC claim. *Hill*, 474 U.S. at 58. Accordingly, federal habeas relief must be denied because petitioner fails to meet his burden of proof under the AEDPA. 28 U.S.C. § 2254(d).

**B.**     <u>**Petitioner's Amended Petition**</u> **(Claims 4 and 5)**

In his amended petition, petitioner raises two additional claims that were rejected by the Texas Court of Criminal Appeals as successive during his subsequent state habeas proceedings. Specifically, petitioner contends that (1) his right to a fair and impartial trial was violated by the trial court's failure to adhere to the IADA (Claim 4), and (2) his trial counsel rendered ineffective assistance by failing to investigate the effects of the IADA waiver on his cases (Claim 5). In response, respondent contends that these allegations are subject to denial by this Court as procedurally defaulted because the state court dismissed the claims as an abuse of the writ. Respondent is correct.

---

[26]     ECF No. 11-17 at 14-15, 12-27 at 61.

Procedural default occurs where a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that state procedural rule provides an independent and adequate ground for the dismissal. *Davila v. Davis*, 582 U.S. 521, 527 (2017); *Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014) (citing *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). The "independent" and "adequate" requirements are satisfied where the state court clearly indicates that its dismissal of a particular claim rests upon a state ground that bars relief, and that bar is strictly and regularly followed by the state courts. *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citing *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001)). This doctrine ensures that federal courts give proper respect to state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

In this case, the Texas Court of Criminal Appeals refused to consider Claims 4 and 5 when petitioner raised them for the first time in his sixth and seventh state habeas applications, dismissing the applications as subsequent under Texas Code of Criminal Procedure Article 11.07 § 4(a)-(c).[27] That statute, codifying the Texas "abuse of the writ" doctrine, has repeatedly been held by the Fifth Circuit to constitute an "adequate and independent" state procedural ground that bars federal habeas review. *Ford v. Davis*, 910 F.3d 232, 237 (5th Cir. 2018) (citation omitted); *Canales*, 765 F.3d at 566; *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

Consequently, petitioner is precluded from federal habeas review unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51;

---

[27]    ECF Nos. 25-3, 25-5.

15

*Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004).  Petitioner did not attempt to demonstrate cause and prejudice to excuse the default in amended petition, supplemental memorandum, or reply brief.[28]  Nor has he made any attempt to demonstrate that the Court's denial of the claim will result in a "fundamental miscarriage of justice."  Thus, circuit precedent compels the denial of petitioner's fourth and fifth claims as procedurally defaulted.

## V.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

---

[28]    ECF Nos. 23, 24, and 27.

was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## VI. Conclusion and Order

After careful consideration, the Court concludes that the allegations raised in petitioner's amended federal petition (Claims 4 and 5) are procedurally barred from federal habeas review. Concerning the remainder of petitioner's allegations (Claims 1-3), petitioner has failed to establish that the state court's rejection of the allegations on the merits during his original state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in petitioner's state trial, appellate, and habeas corpus proceedings. Petitioner also fails to demonstrate that the claims are meritorious, even under a *de novo* standard of review. As a result, petitioner's original federal petition does not warrant habeas corpus relief either.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.    Federal habeas corpus relief is **DENIED** and petitioner John Anthony Davila's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 24) is **DISMISSED WITH PREJUDICE**;

2.    No Certificate of Appealability shall issue in this case; and

3.    All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 20th day of May, 2026.

**FRED BIERY**
**UNITED STATES DISTRICT JUDGE**

18